UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-01848-SSS-DTBx | Date | February 6, 2025 |
| Title | Rodrigo Avalos Torres v. County of Riverside, et al. | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

On January 6, 2025, the Court granted in part and denied in part Defendants' Motion to Dismiss Plaintiff's Complaint. [Dkt. 12]. The Court dismissed without prejudice three federal constitutional claims and ordered Plaintiff to file an amended complaint by January 24, 2025. [*Id*. at 6]. Plaintiff did not file an amended complaint. The only claim currently before this Court is an action for negligence under California state law. [*Id*.; Dkt. 1-2 at 10–11].

This Court "may decline to exercise supplemental jurisdiction over a claim [] if … the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Here, Plaintiff's original cause of action

relied solely on federal question jurisdiction.[1]  [Dkt. 1-2 ¶ 1].  Now the Court possesses only supplemental jurisdiction over Plaintiff's negligence claim.  *See* 28 U.S.C. § 1367(a).

Accordingly, the parties are **ORDERED TO SHOW CAUSE** in writing why the Court should not decline to exercise supplemental jurisdiction over the negligence claim and remand this matter to state court.  *See* 28 U.S.C. § 1367(c).  **Any Response to this Order to Show Cause SHALL be filed by noon on February 12, 2025**.  Failure to timely or adequately respond to this Order may, without further warning, result in the dismissal of the entire action without prejudice or the Court declining to exercise supplemental jurisdiction over negligence pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**

---

[1] Though Plaintiff's complaint does not clearly state the basis for this Court's jurisdiction, federal question jurisdiction was plainly present because of Plaintiff's three federal constitutional claims, and diversity jurisdiction was plainly not present because both Plaintiff and Defendants are residents of California.  [*See* Dkt. 1-2 ¶¶ 1, 9–14].